UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-348-MOC-DCK

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES A. NORRIS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 48). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc. The Government has filed a response, agreeing that Defendant is eligible for a sentence reduction and consenting to a reduction in his sentence. (Doc. No. 54). For the following reasons, the Court will grant the motion.

### I.     Background

Between June of 2015 and February of 2018, Defendant fraudulently induced victims to invest in his company with false promises of guaranteed returns on their investments. (Doc. No. 33 ¶¶ 12–26). Defendant defrauded 22 investors out of around $135,000. (Doc. No. 33 ¶ 13).

A federal grand jury indicted Defendant and charged him with securities fraud, 15 U.S.C. §§ 78j(b), 78ff; and two counts of wire fraud, 18 U.S.C. § 1343. (Doc. No. 1). Defendant pleaded guilty to one of the wire fraud charges. (Doc. Nos. 23, 25). This Court's probation office submitted a presentence report and calculated a total offense level of 18. (Doc. No. 33 ¶ 43). The probation office assigned Defendant zero criminal history points and found that the Sentencing Guidelines advised a sentence of between 27 and 33 months in prison based on a total offense

1

level of 18 and a criminal history category of I. (Doc. No. 33 ¶¶ 50, 74). On October 24, 2022, this Court sentenced Defendant to 27 months in prison at the bottom of the guideline range. (Doc. No. 44 at 2).

Defendant has not received any disciplinary citations in prison. (Doc. No. 51 at 2). Defendant has completed 4 educational courses or work assignments, including drug education and an advanced GED class. (Id.). Defendant is currently scheduled for release on June 18, 2024. Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G.

2

2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

III. Analysis

The Court will grant Defendant's motion. First, Defendant is eligible for a reduction in his

sentence. As he asserts in his motion, Defendant was assessed zero criminal history points, and none of the exceptions precluding eligibility for a sentence reduction apply. Reducing Defendant's offense level by two levels would reduce his advisory guideline range to 21 to 27 months in prison, based on a total offense level of 16 and a criminal history category of I. <u>See</u> (U.S.S.G. ch. 5, pt. A; Doc. No. 51 at 2).

Defendant has performed well in prison, avoiding any disciplinary citations. Although he has completed only a modest number of educational courses, his completion of drug education and an advanced GED course weigh in his favor. Defendant's offense conduct was serious but non-violent. And considering the sentencing objectives described in 18 U.S.C. § 3553(a), the Court finds that those factors, including Defendant's lack of significant criminal history, good performance in prison, and the non-violent nature of his offense conduct, weigh in favor of a sentence reduction. The Court will, therefore, grant Defendant's motion. The Court sentences Defendant to a term of 21 months, which results in a time-served sentence.

## ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Reduced Sentence (Doc. No. 48) is **GRANTED**.

**(2)** The Court sentences Defendant to a sentence of 21 months, effective February 1, 2024. Defendant's new sentence results in a **TIME SERVED** sentence. Therefore, Defendant shall be released from prison when this Order becomes effective.

**(3) IT IS FURTHER ORDERED** that, upon release from imprisonment, Defendant shall be placed on supervised release for a term of three years.

**(4)** To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

**(5)** The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

.

Signed: January 31, 2024

Max O. Cogburn Jr
United States District Judge